1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAMAN LEE MICHAEL WANDKE,          )
                                   )
                Plaintiff,         )   NO.
                                   )
        vs.                        )   COMPLAINT FOR DAMAGES
                                   )
YELLOW CAB, INC., a Washington     )   **JURY DEMAND**
corporation;                       )
                                   )
                Defendant.         )
                                   )
_____)

COMES NOW the plaintiff, Daman Lee Michael Wandke, by and through his attorneys Conrad Reynoldson of Washington Civil & Disability Advocate and Lance Hester of the Hester Law Group, Inc., P.S., and for a cause of action, states as follows:

## I. PARTIES

1.1     Plaintiff is a citizen of the United States and resides in the County of Whatcom, State of Washington, which is in this judicial district.

1.2     Plaintiff Mr. Wandke is a qualified individual with a disability within the meaning of Title III of the ADA. He uses a power wheelchair and requires an accessible taxi to utilize the transportation services provided by Yellow Cab.

COMPLAINT FOR DAMAGES - 1

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

1.3    Plaintiff currently resides in Bellingham, Washington and has used or has desired to use taxis both for work and for leisure. He has been subject to and deterred by Yellow Cab's discriminatory higher minimum fare for an accessible taxi.

1.4    The defendant is Yellow Cab, Inc., a for-profit transportation company. Yellow Cab operates a taxi service out of Bellingham, Washington that primarily serves Bellingham, Burlington, and British Columbia. Yellow Cab is subcontracted by the Northwest Regional Council, the Whatcom County Medicaid transportation broker.

1.5    This Yellow Cab's taxi service is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. §12181(7), and its implementing regulation, 28 C.F.R. §36.104.

## II. JURISDICTION AND VENUE

2.1    This court has jurisdiction pursuant to the following statutes:

a.    28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the United States;

b.    28 U.S.C. §1343(a)(4) which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

c.    28 U.S.C. §1367, which gives district courts supplemental jurisdiction over state law claims.

2.2.    Venue is appropriate in this judicial district under 28 U.S.C. §1391 because the practices and procedures that gave rise to the Plaintiff's complaint occur in this district.

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

## III. OVERVIEW

3.1     This action seeks to put an end to civil rights violations committed by Defendant Yellow Cab, Inc. ("Yellow Cab") against people with mobility disabilities. Yellow Cab, a for-profit transportation company based in Bellingham, Washington, discriminates against people with mobility disabilities who require an accessible taxi by charging them an arbitrary minimum fare of up to eleven times the amount that Yellow Cab charges for a standard taxi fare.

3.2     Yellow Cab's discriminatory and arbitrary minimum fare is especially egregious in light of the fact that Yellow Cab is the only taxi company in Whatcom County that provides accessible taxi service. Therefore, people with mobility disabilities in Whatcom County who require accessible taxis have no choice but to pay Yellow Cab's extremely expensive minimum fare.

3.3     Accessible taxis, which provide a ramp or lift into the vehicle, are needed by customers with mobility disabilities who cannot transfer from their wheelchairs to a vehicle seat and by persons with mobility disabilities who cannot stow their wheelchairs in the trunk of a car, such as individuals who use power wheelchairs.

3.4     The importance of accessible taxi service should not be underestimated. When Congress passed the ADA, Congress recognized the need to promote societal integration, and sought to eradicate discrimination in a number of critical areas, including transportation. 42 U.S.C. § 12101(a)(2),(3). Adequate access to transportation is a necessary societal integration, providing access to work; to health care, business, and other appointments; and to places of public accommodation, such as restaurants, movie theaters, museums, service establishments, and parks. Accessible taxis

COMPLAINT FOR DAMAGES - 3

are a key transportation option for people with mobility disabilities – often more reliable and flexible than paratransit, a good alternative to owning one's own vehicle, and a replacement for public transportation that has its own access issues. As an integral part of transportation in this country, taxi service is covered under the ADA. Allowing a company to exploit this important service for profit motives undermines the purposes of the ADA.

   3.5 The Americans with Disabilities Act ("ADA") and the Washington Law Against Discrimination do not permit charging a higher minimum fare to persons with mobility disabilities who require an accessible taxi. In so doing, Yellow Cab discriminates against residents of and visitors to Whatcom County with mobility disabilities who require accessible taxis.

   3.6 Plaintiff in this matter is Daman Lee Michael Wandke. Mr. Wandke is an individual with a mobility disability who requires an accessible taxi. Mr. Wandke has been and continues to be harmed by Yellow Cab's unlawful fare minimums.

## IV. FACTS APPLICABLE TO ALL CLAIMS

   4.1 As part of its on-demand taxi service, Yellow Cab offers accessible taxis.

   4.2 An accessible taxi contains a boarding device such as a lift or ramp, sufficient clearances to permit a wheelchair user to navigate into the taxi, and securement devices to ensure the wheelchair is secured in place during the ride.

   4.3 Accessible taxis are needed by persons with mobility disabilities who cannot transfer from their wheelchairs to a vehicle seat (and, with assistance, stow

COMPLAINT FOR DAMAGES - 4

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

their wheelchairs in the trunk of a car). In addition, accessible taxis are required for power wheelchair users whose wheelchairs cannot be stowed, even if they can transfer.

4.4     On information and belief, Yellow Cab provides the only accessible taxi service in Whatcom County. On information and belief, Yellow Cab also owns and operates vans that are not accessible (i.e., do not have a lift or ramp) as taxis.

4.5     Yellow Cab's customers may obtain a Yellow Cab taxi by hailing one on the street or by reserving one via phone call or online request. Customers cannot use the online form to request an accessible taxi and instead must call. On information and belief accessible cabs cannot be hailed off of the street. Yellow Cab's dispatchers inform callers that there is $45 minimum for an accessible van Monday through Saturday 6 a.m. to 6 p.m. for trips in Bellingham and $75 minimum for trips outside those days, times, and location. Dispatchers only tell callers minimum rates and do not specify the per mile rate for the accessible cabs.

4.6     Riders in standard, non-accessible taxis are charged at "Regular Metered Rate" For these Regular Metered Rate rides, the meter is on, and the receipts log the time and distance traveled. The standard rate is a $2.50 drop charge and a $.30 fee per 1/9 mile traveled.

4.7     Receipts from accessible taxi rides show that the rider is charged a separate minimum. On these rides, the meter does not run. Consequently, receipts do not typically log the duration of the trip, nor the miles traveled. The amount charged varies from trip to trip. There is no available written policy as to the calculation.

4.8     It is clear from these receipts that Yellow Cab charges individuals with mobility disabilities who, by reason of their disability, require an accessible taxi an

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

arbitrary fare minimum of up to eleven times the regular fare. For example, for two rides of equal distance and duration of 1.6 miles an accessible taxi ride can cost up to $75.00, while a non-accessible taxi ride would cost $6.40.

4.9    Plaintiff Mr. Wandke is a qualified individual with a disability within the meaning of Title III of the ADA. Plaintiff Mr. Wandke uses a motorized power chair and requires an accessible taxi to utilize the transportation services provided by Yellow Cab. Plaintiff Mr. Wandke regularly uses or desires to use a taxi when he is traveling in and around Bellingham, Washington where he lives. Yellow Cab provides taxi service to these locations, but Plaintiff Mr. Wandke has been and is currently deterred from using Yellow Cab taxis for trips given their cost.

4.10    Plaintiff Mr. Wandke first learned of Yellow Cab's exorbitant minimum fares in 2007, when he was attending college at Western Washington University. Since this time, Plaintiff Mr. Wandke has generally avoided using Yellow Cab's taxi service. Unfortunately, because Yellow Cab is the only accessible taxi option in Whatcom County, Plaintiff Mr. Wandke is forced to pay Yellow Cab's exorbitant minimum fares or to find alternative transportation. Instead of using taxi service, Plaintiff Mr. Wandke often uses his wheelchair for short distances, uses paratransit, takes the train, or asks a friend to drive him to where he needs to go. However, these options are not equivalent to taxi service. His power chair can only travel short distances, paratransit requires advance planning, the train line is not always sufficiently close to his destination, and relying on a friend lessens his independence. Further, when Mr. Wandke asks a friend to drive him he can only use his crutches which greatly restrict the distance he can travel. The use of his power chair requires an accessible vehicle,

COMPLAINT FOR DAMAGES - 6

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

4.11    On December 20, 2015, Plaintiff Mr. Wandke used one of Yellow Cab's accessible taxis to get from an event to his house because it was raining heavily. Plaintiff Mr. Wandke's ride cost was $45.00. His receipt shows that he was charged their flat fee. The receipt only shows his mileage because he requested it. When Mr. Wandke arrived at his destination he noticed that the driver never turned on a meter. Mr. Wandke never saw a meter in the cab. When he inquired and asked for his mileage the driver used an Internet map search and wrote the distance on his receipt.



Applying the "Regular Metered Rate" on the Yellow Cab website this same trip of 1.6 miles would cost $6.40. See http://www.yellowcabinc.com/cab-fares.html .

### REGULAR METERED RATE

Pick Up Charge ..................................................... $2.50
Each Additional 1/9th Mile ................................. $0.30
Wait time or Traffic Delay per minute.............. $0.60
*Minimum rates apply in outlying areas - call for quote*

4.12    It is clear from the receipt and a calculation of the "Regular Metered Rate" on the Yellow Cab website that for the same 10 minute, 1.6 mile ride, Yellow Cab's accessible taxi minimum fare was roughly seven times the amount of a standard taxi fare.

## V.  STATEMENT OF CLAIMS

### COUNT I

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

**Violation of Title III of the Americans with Disabilities Act**
**Discrimination in Specified Public Transportation Services by Private Entity**
**(42 U.S.C. §§ 12184 et seq.)**
**Accessible Vans**

5.1     Plaintiff incorporates by reference each and every allegation contained herein.

5.2     Title III of the ADA states in relevant part:

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of specified public transportation services provided by a private entity that is primarily engaged in the business of transporting people and whose operations affect commerce. 42 U.S.C. § 12184(a).

5.3     Plaintiff Mr. Wandke is a qualified individual with a mobility disability within the meaning of Title III of the ADA.

5.4     "Specified public transportation" as referenced in 42 U.S.C. § 12184(a) "means transportation by bus, rail or any other conveyance (other than by aircraft) that provides the general public with general or special service (including charter service) on a regular and continuing basis." 42 U.S.C. § 12181(10).

5.5     Yellow Cab provides the general public with general or special transportation via conveyance on a regular and continuing basis. It does so throughout several cities in Northern Washington in the form of private taxi service. As such, Yellow Cab is a private entity that is primarily engaged in the business of transporting people and whose operations affect commerce pursuant to 42 U.S.C. § 12184(a).

5.6     In addition to the statutory authority of Title III, Congress directed the Secretary of Transportation to issue regulations to implement the Title III transportation provisions, specifically 42 U.S.C. § 12184. See 42 U.S.C. § 12186(a)(1).

COMPLAINT FOR DAMAGES - 8

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

Pursuant to this mandate, the United States Department of Transportation ("DOT") promulgated 49 C.F.R. Part 37 and accompanying guidance, which explains DOT's construction and interpretation of its implementing regulations. 49 C.F.R. pt. 37, app. D.

5.7     The DOT's implementing regulations and guidance further clarify that Yellow Cab is subject to § 12184 because it is primarily engaged in the business of transporting people, its operations affect commerce, and it provides specified transportation services. The DOT regulations are explicit that the transportation services subject to Title III include taxi services (49 C.F.R. § 37.29; 49 C.F.R. pt. 37, app. D § 37.29) and that taxi services are private entities primarily engaged in the business of transporting people (49 C.F.R. § 37.29(a)).

5.8     Title III provides that discrimination includes the purchase or lease of a new van with a seating capacity of less than 8 passengers including the driver, which is to be used to provide specified public transportation that is not readily accessible to or useable by individuals with disabilities, including individuals who use wheelchairs. 42 U.S.C. § 12184(b)(5).

5.9     Similarly, the DOT regulations specify the instances when accessible taxi services are legally required, namely "[w]hen a provider of taxi service purchases or leases a vehicle other than an automobile, the vehicle is required to be accessible." 49 C.F.R. § 37.29(b). See also 49 C.F.R. § 37.103(c) (for demand responsive systems, new vans with seating capacities of less than eight must be accessible); 49 C.F.R. § 37.103(d) (for either fixed route or demand responsive systems, new vans with a seating capacity of fewer than eight must be accessible).

COMPLAINT FOR DAMAGES - 9

5.10    Yellow Cab admits providing van service. Ensuring that their vans are accessible to persons with mobility disabilities, therefore, is not optional, but a measure required under the ADA.

5.11    Upon information and belief, Yellow Cab's fleet includes vans which are not readily accessible to or usable by individuals with disabilities. That is, only a portion of Yellow Cab's vans are, in fact, accessible.

5.12    Because Yellow Cab's discriminatory and wrongful conduct is ongoing, Plaintiff is entitled to declaratory and injunctive relief. 42 U.S.C. § 12188. Plaintiff is also entitled to reasonable attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 12205.

WHEREFORE, Plaintiff prays for relief as set forth below.

## COUNT II

**Violation of Title III of the Americans with Disabilities Act**
**Discrimination in Specified Public Transportation Services by Private Entity**
**(42 U.S.C. §§ 12184 et seq.)**
**Higher Fares**

5.13    Plaintiff incorporates by reference each and every allegation contained herein.

5.14    DOT regulations further mandate that private entities providing transportation services shall not discriminate by "charging higher fares or fees for carrying individuals with disabilities and their equipment than are charged to other persons." 49 C.F.R. § 37.29(c).

5.15    DOT regulations more broadly prohibit the imposition of "special charges" on individuals with disabilities, including those who use wheelchairs, by entities providing any transportation services, including taxi services. 49 C.F.R. § 37.5(d).

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

5.16    Similarly, Department of Justice regulations 28 C.F.R. §§ 36.301-36.306 (with which the DOT requires compliance under 49 C.F.R. § 37.5(f)) prohibit surcharges, in particular to cover the costs of measures required by the ADA to provide individuals with disabilities with nondiscriminatory treatment. 28 C.F.R. § 36.301(c).

5.17    As described above, Yellow Cab charges an additional amount for carrying individuals with disabilities, namely those who require accessible taxis, than it charges other persons. Yellow Cab's minimum– whether characterized as a higher fare, special charge, or surcharge – is prohibited. See 49 C.F.R. § 37.29(c); 49 C.F.R. § 37.5(d); 28 C.F.R. § 36.301(c). If an individual who can physically access Yellow Cab's standard taxi takes a taxi trip, the individual is charged the "Regular Metered Rate", i.e. the standard flag drop and per mile rate. However, if an individual with a mobility disability who requires an accessible taxi takes an accessible taxi trip, the individual is charged on a $45 or $75 minimum, which is an arbitrary amount far higher than Yellow Cab's standard fare.

5.18    Persons with mobility disabilities require accessible taxis by reason of their disabilities because they cannot get into a taxi without the use of ramp or lift. Disabled passengers, therefore, pay more for equivalent taxi service than non-disabled passengers because non-disabled passengers do not require an accessible taxi and do not have to pay the expensive minimum every time they take a taxi.

5.19    Because Yellow Cab's discriminatory and wrongful conduct is ongoing, Plaintiff is entitled to declaratory and injunctive relief. 42 U.S.C. § 12188. Plaintiff is also entitled to reasonable attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 12205.

COMPLAINT FOR DAMAGES - 11

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

WHEREFORE, Plaintiff prays for relief as set forth below.

## COUNT III

**Violation of Title III of the Americans with Disabilities Act
Discrimination in Specified Public Transportation Services by Private Entity (42
U.S.C. §§ 12184 et seq.)
Reasonable Modifications**

5.20    Plaintiff incorporates by reference each and every allegation contained herein.

5.21    It is discrimination under Section 12184(b)(2) to fail to "make reasonable modifications" to policies, practices, or procedures when such modifications are necessary to afford equal goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities as are afforded to other individuals. 42 U.S.C. § 12184(b)(2)(A). See also 28 C.F.R. § 36.302(a).

5.22    For time periods in 2007 and 2015, and possibly other times, Yellow Cab continued to charge passengers requiring accessible taxis an expensive minimum. Eliminating the policy of using an expensive minimum for accessible taxis would be a reasonable modification to Yellow Cab's fare structure for individuals who require accessible taxis due to their disabilities. This minimum that Yellow Cab imposes for accessible taxis should be eliminated because persons with mobility disabilities who require accessible taxi service have no choice but to hire an accessible taxi, which in turn triggers the expensive minimum. Therefore, in light of this minimum, persons with mobility disabilities are not afforded full and equal enjoyment of taxi service by reason of their disabilities.

5.23    Because Yellow Cab's discriminatory and wrongful conduct is ongoing, Plaintiff is entitled to declaratory and injunctive relief. 42 U.S.C. § 12188.

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

1   Plaintiff is also entitled to reasonable attorneys' fees and costs incurred in bringing this

2   action. 42 U.S.C. § 12205.

3          WHEREFORE, Plaintiff prays for relief as set forth below.

4                  **COUNT IV**

5   **Violation of Title III of the Americans with Disabilities Act**
   **Discrimination in Specified Public Transportation Services by Private Entity**
6   **(42 U.S.C. §§ 12184 et seq.)**
   **Eligibility Criteria**
7

8          5.24    Plaintiff incorporates by reference each and every allegation

9   contained herein.

10         5.25    It is also discrimination to impose "eligibility criteria that screen

11  out or tend to screen out an individual with a disability or any class of individuals with

12  disabilities from fully enjoying the specified public transportation services provided." 42

13  U.S.C. § 12184(b)(1).

14         5.26    Yellow Cab imposes eligibility criteria in the form of a higher

15  minimum fare than the standard fare for accessible taxi service. The minimum they

16  impose screens out persons with mobility disabilities who require a lift or ramp to access

17  taxi service by deterring them from using Yellow Cab's services to travel around

18  Whatcom County.

19

20

21         5.27    Because Yellow Cab's discriminatory and wrongful conduct is

22  ongoing, Plaintiff is entitled to declaratory and injunctive relief. 42 U.S.C. § 12188.

23  Plaintiff is also entitled to reasonable attorneys' fees and costs incurred in bringing this

24  action. 42 U.S.C. § 12205.

25         WHEREFORE, Plaintiff prays for relief as set forth below.

COMPLAINT FOR DAMAGES - 13

## COUNT V

**Violation of Title III of the Americans with Disabilities Act
Discrimination by a Public Accommodation
(42 U.S.C. §§ 12182 et seq.)
Higher Fares**

5.28    Plaintiff incorporates by reference each and every allegation contained herein.

5.29    Title III of the ADA states in relevant part: No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a).

5.30    Plaintiff Mr. Wandke is a qualified individual with a disability within the meaning of Title III of the ADA.

5.31    According to 42 U.S.C. § 12181(7), private entities that provide travel service are considered public accommodations subject to Title III of the ADA.

5.32    Yellow Cab is a private entity that provides travel service throughout several cities in Northern Washington in the form of on-demand taxi service. Yellow Cab is, therefore, subject to 42 U.S.C. § 12182.

5.33    In addition to the statutory authority of Title III, Congress directed the Attorney General to issue regulations to implement Title III of the ADA. 42 U.S.C. § 12186(b). Pursuant to this mandate, the United States Department of Justice ("DOJ") promulgated 28 C.F.R. Part 36.

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

5.34    Under Section 12182 and its implementing regulations, it is discrimination for a public accommodation to "utilize standards or criteria or methods of administration . . . that have the effect of discriminating on the basis of disability. . . ." 42 U.S.C. § 12182(b)(1)(D)(i); 28 C.F.R. § 36.204.

5.35    Yellow Cab administers its accessible taxi service by imposing an arbitrary minimum for accessible taxis that is far higher than the fare charged for standard taxis. This minimum, whether characterized as a higher fare pursuant to 49 C.F.R. § 37.29(c), a special charge pursuant to 49 C.F.R. § 37.5(d), or a surcharge pursuant to 28 C.F.R. § 36.301(c), is illegal and thus has the effect of discriminating on the basis of disability because it is by reason of his disabilities that Plaintiff requires accessible taxi service and has no choice but to pay the expensive minimum.

5.36    Because Yellow Cab's discriminatory and wrongful conduct is ongoing, Plaintiff is entitled to declaratory and injunctive relief. 42 U.S.C. § 12188. Plaintiff is also entitled to reasonable attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 12205.

WHEREFORE, Plaintiff prays for relief as set forth below.

## COUNT VI

**Violation of Title III of the Americans with Disabilities Act
Discrimination by a Public Accommodation
(42 U.S.C. §§ 12182 et seq.)
Eligibility Criteria**

5.37    Plaintiff incorporates by reference each and every allegation contained herein.

5.38    Under § 12182 and its implementing regulations, a public accommodation is prohibited from imposing eligibility criteria that screen out or tend to

COMPLAINT FOR DAMAGES - 15

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered. 42 U.S.C. § 12182(b)(2)(A)(i); 28 C.F.R. § 36.301.

5.39    Yellow Cab imposes eligibility criteria in the form of an expensive minimum fare on persons with mobility disabilities who require accessible taxi service. This minimum screens out persons with mobility disabilities by deterring them from using Yellow Cab's taxi services to travel around Whatcom County.

5.40    Because Yellow Cab's discriminatory and wrongful conduct is ongoing, Plaintiff is entitled to declaratory and injunctive relief. 42 U.S.C. § 12188. Plaintiff is also entitled to reasonable attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 12205.

WHEREFORE, Plaintiff prays for relief as set forth below.

## COUNT VII

**Violation of Title III of the Americans with Disabilities Act**
**Discrimination by a Public Accommodation (42 U.S.C. §§ 12182 et seq.)**
**Reasonable Modifications**

5.41    Plaintiff incorporates by reference each and every allegation contained herein.

5.42    Under Section 12182 and its implementing regulations, a public accommodation must make reasonable modifications to policies, practices, or procedures when such modifications are necessary to afford equal goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities as those afforded to other individuals. 42 U.S.C. § 12812(b)(2)(A)(ii); 28 C.F.R. § 36.302(a).

COMPLAINT FOR DAMAGES - 16

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

5.43    From 2007 to present, and possibly other times, Yellow Cab continued to charge passengers requiring accessible taxis an expensive minimum. Eliminating the policy of using this minimum would be a reasonable modification to Yellow Cab's fare structure for individuals who require accessible taxis due to their disabilities. The minimum that Yellow Cab imposes for accessible taxis should be eliminated because persons with mobility disabilities who require accessible taxi service have no choice but to hire an accessible taxi, which in turn triggers the minimum. Therefore, in light of this minimum, persons with mobility disabilities are not afforded full and equal enjoyment of taxi service by reason of their disabilities.

5.44    Because Yellow Cab's discriminatory and wrongful conduct is ongoing, Plaintiff is entitled to declaratory and injunctive relief. 42 U.S.C. § 12188. Plaintiff is also entitled to reasonable attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 12205.

WHEREFORE, Plaintiff prays for relief as set forth below.

## COUNT VIII

### Violation of the Washington Law Against Discrimination
### (R.C.W. §§ 49.60.010 et seq.)

5.45    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

5.46    Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part:

> The right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right. This right shall include, but not be limited to: . . . (b) The right to the full enjoyment of any of the

COMPLAINT FOR DAMAGES - 17

accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement . . . .

5.47    Yellow Cab provides transportation services to the general public in Washington, is a business establishment within the jurisdiction of the state of Washington, and as such is obligated to comply with the provisions of the Washington Law Against Discrimination.

5.48    Plaintiff is an individual with a disability within the scope of the Washington Law Against Discrimination.

5.49    Plaintiff is informed, believes, and thereon alleges that Defendant and its agents and employees have violated and continue to violate §§ 49.60.010 *et seq.* of the Revised Code of Washington by Yellow Cab's discriminatory practice of charging up to eleven times as much for an accessible taxi as for a standard taxi.

5.50    Defendant's actions constitutes discrimination against persons with disabilities and violates the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010 et seq., in that persons with mobility disabilities have been and are denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant provides to individuals who do not have disabilities.

5.51    As a direct and proximate result of the aforementioned acts, Plaintiff has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to remediate the discriminatory practice of charging up to eleven times as much for an accessible taxi as for a standard taxi. This

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

failure has denied Plaintiff the full and equal enjoyment of the Yellow Cab's taxi service that the Washington Law Against Discrimination requires.

5.52    Because Plaintiff has no effective remedy at law, a clear legal right to access Yellow Cab's Taxi service; has a well-grounded fear of immediate invasion of that right; and has been actually injured as a result of Defendant's conduct as alleged herein, declaratory and injunctive relief are appropriate remedies.  See *Kucera v. Dep't of Transp.*, 140 Wn.2d 200, 209 (2000).

5.53    Pursuant to Wash. Rev. Code § 49.60.030(2), Plaintiff is are entitled to declaratory and injunctive relief and to recover from Defendant the reasonable attorneys' fees and costs incurred in bringing this action.

WHEREFORE, Plaintiff prays for relief as set forth below.

## COUNT IX

### Violation of the Washington Consumer Protection Act (R.C.W.  19.86 et seq.)

5.54    Plaintiff incorporates by reference each and every allegation contained herein.

5.55    Washington's Consumer Protection Act prohibits unfair competition, which includes unfair or deceptive acts or practices in the conduct of any trade or commerce. Wash. Rev. Code § 19.86.020.

5.56    In acting as alleged herein, Yellow Cab – a for-profit taxi service – has engaged in a pattern or practice of unlawful discrimination in the operation of its taxi service, and therefore has engaged in acts of unfair competition under Wash. Rev. Code § 19.86.093.

COMPLAINT FOR DAMAGES - 19

5.57    In bringing this action, Plaintiff is acting in the interest of himself pursuant to Wash. Rev. Code § 19.86.020.

5.58    Plaintiff seeks injunctive relief ordering Yellow Cab to stop its unlawful practices and for Plaintiff Mr. Wandke to receive treble damages as restitution for charges by Yellow Cab as authorized by Wash. Rev. Code § 19.86.090.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.    Issue a permanent injunction pursuant to the Americans with Disabilities Act, the Washington Law Against Discrimination, and the Washington Consumer Protection Act requiring Yellow Cab to:

(a) immediately cease implementation of its policy to impose higher minimum fares for accessible taxis on individuals with mobility disabilities who require a lift or ramp to access taxi service;

(b) put in writing a new policy stating that individuals with mobility disabilities who require a lift or ramp to access taxi service will not incur additional charges for the use of such accessible taxis; and

(c) provide immediate training to all employees, including dispatchers and drivers, regarding the new policy;

2.    Issue a declaratory judgment that Yellow Cab's policies, procedures, and practices have subjected and continue to subject Plaintiff to discrimination in violation of Title III of the ADA and the Washington Law Against Discrimination.

COMPLAINT FOR DAMAGES - 20

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

3.    Retain jurisdiction of this case until Yellow Cab has complied with the orders of this Court, and there is a reasonable assurance that Yellow Cab will continue to comply in the future, absent continuing jurisdiction;

4.    Award Plaintiff Mr. Wandke treble damages as restitution for charges by Yellow Cab as authorized by Wash. Rev. Code § 19.86.090; and

5.    Award Plaintiff reasonable attorneys' fees and costs as authorized by 42 U.S.C. § 122205, Wash. Rev. Code § 49.60.030(2), and Wash. Rev. Code § 19.182.150.

DATED this 6th day of May, 2016

HESTER LAW GROUP, INC., P.S. and
WASHINGTON CIVIL & DISABILITY ADVOCATE
Attorneys for Plaintiff

By: _____
Lance M. Hester
WSB# 27813

By: _____
Conrad Reynoldson
WSB# 48187

COMPLAINT FOR DAMAGES - 21

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157